UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| D.K.H., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) No. 19-cv-7755 |
| v. | ) |
| | ) Magistrate Judge Susan E. Cox |
| ANDREW M. SAUL, Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff D.K.H. ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") to deny his application for disability benefits. For the following reasons, Plaintiff's motion is granted (Dkt. 14),[1] the Commissioner's motion is denied (Dkt. 19), and the case is remanded for further proceedings consistent with this opinion.

**I.    Background**

Plaintiff filed an application for disability insurance benefits on August 30, 2016 alleging a disability onset date of May 1, 2016. (R. 15.) The claim was denied initially on January 12, 2107, and upon reconsideration on February 21, 2017. (*Id*.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 30, 2018. (*Id*.) On October 2, 2018, ALJ James Wascher issued a decision finding Plaintiff not disabled. (R. 15-26.) Plaintiff requested Appeals Council review, which was denied on September 26, 2019 (R. 1-4), making the ALJ's October 2, 2018 decision the final decision of the Commissioner. 20 C.F.R. §404.981. Plaintiff appealed the ALJ's decision to this Court on November 25, 2019. (Dkt. 1.)

ALJ Wascher issued a written decision following the five-step sequential process required by 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff had engaged in

---
[1] Plaintiff filed a Memorandum (Dkt. 14), which the Court construes as a Motion for Summary Judgment.

substantial gainful activity since his alleged onset date, but there was a consecutive period of more than 12 months during which he did not engage in substantial gainful activity beginning in September 2017. (R. 17.) At step two, the ALJ concluded that Plaintiff has the severe impairments of degenerative disc disease of the lumbar spine status post laminectomies, decompression, and fusion; left hip osteoarthritis; superior labrum tear; paralabral cyst; trochanteric bursitis; and obesity. (R. 18.) At step three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of a listed impairment. (*Id.*) The ALJ next found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following restrictions: no climbing of ladders, ropes, or scaffolds; occasional climbing of stairs or ramps; occasional balancing, stooping, crouching, crawling; frequent kneeling; and avoiding concentrated exposure to hazards, such as unprotected heights and machinery with unguarded moving mechanical parts. (R. 20.) At step four, the ALJ concluded that Plaintiff was able to perform his past relevant work. (R. 25.) Because of this finding, the ALJ did not need to proceed to step five. These findings led the ALJ to conclude that Plaintiff is not disabled as defined by the Social Security Act. (*Id.*)

As part of the record, Plaintiff submitted opinions from three of his treating physicians: 1) his primary care physician, Dr. Melnick, 2) his treating neurologist, Dr. Herman, and 3) his treating orthopedist, Dr. Ali. In assigning little weight to all three opinions, the ALJ's analysis in its entirety is as follows:

> All physicians evaluated the claimant in the context of his workers' compensation claim and not in the context of establishing disability under our regulations. Further, they offered various opinions of no work and an ability to perform only sedentary work. These opinions are reserved to the Commissioner. Furthermore, they are contradicted by the claimant's daily activities, including living alone, caring for his own personal and household tasks, and working as a teacher. The treating record, including the most recent treating notes, shows that claimant had intact strength and sensation. Also, and most importantly, these opinions are

2

> contradicted by the results of the July 2016 Functional Capacity Evaluation, assessing the claimant with the ability to perform light work, or an even greater level of work activity, as the claimant gave inconsistent effort. Additionally, Dr. Melnick's opinions predate the alleged onset date and do not consider any improvement in functioning with the claimant's back surgery.

(R. 24.)

## II. Social Security Regulations and Standard of Review

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. ALJs are required to follow a sequential five-step test to assess whether a claimant is legally disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; and (3) whether the severe impairment meets or equals one considered conclusively disabling such that the claimant is impeded from performing basic work-related activities. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920(a)(4)(i)-(v). If the impairment(s) does meet or equal this standard, the inquiry is over and the claimant is disabled. 20 C.F.R. § 416.920(a)(4). If not, the evaluation continues and the ALJ must determine (4) whether the claimant is capable of performing his past relevant work. *Cannon v. Harris*, 651 F.2d 513, 517 (7th Cir. 1981). If not, the ALJ must (5) consider the claimant's age, education, and prior work experience and evaluate whether she is able to engage in another type of work existing in a significant number of jobs in the national economy. *Id*. At the fourth and fifth steps of the inquiry, the ALJ is required to evaluate the claimant's RFC in calculating which work-related activities she is capable of performing given his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). In the final step, the burden shifts to the Commissioner to show there are significant jobs available that the claimant is able to perform. *Smith v. Schweiker*, 735 F.2d 267, 270 (7th Cir. 1984).

In disability insurance benefits cases, a court's scope of review is limited to deciding

3

whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). Even where "reasonable minds could differ" or an alternative position is also supported by substantial evidence, the ALJ's judgment must be affirmed if supported by substantial evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008); *Scheck*, 357 F.3d at 699. On the other hand, the Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *see also*, 42 U.S.C.§ 405(g).

### III. Discussion

Social Security regulations direct an ALJ to evaluate each medical opinion in the record. 20 C.F.R. § 416.927(c). Because of a treating physician's greater familiarity with the claimant's condition and the progression of his impairments, the opinion of a claimant's treating physician is entitled to controlling weight as long as it is supported by medical findings and is not inconsistent with other substantial evidence in the record.[2] 20 C.F.R. § 416.927(c)(2); *Loveless v.*

---

[2] A change to the Administration's regulation regarding weighing opinion evidence will eliminate this rule, commonly known as the "treating physician rule," for new claims filed on or after March 27, 2017. *Revisions to Rules Regarding the Evaluation of Medical Evidence,* 82 Fed. Reg. 5844, 5848–49 (Jan. 18, 2017) (to be codified at

*Colvin*, 810 F.3d 502, 507 (7th Cir. 2016); *Clifford v. Apfel*, 227 F.3d at 870. An ALJ must provide "good reasons" for how much weight he gives to a treating source's medical opinion. *See Collins v. Astrue*, 324 Fed. Appx. 516, 520 (7th Cir. 2009); 20 C.F.R. § 416.927(c)(2) ("We will always give good reasons in our…decisions for the weight we give your treating source's opinion."). When an ALJ decides for "good reasons" not to give controlling weight to a treating physician's opinion, he must determine what weight to give to it and other available medical opinions in accordance with a series of factors, including the length, nature, and extent of any treatment relationship; the frequency of examination; the physician's specialty; the supportability of the opinion; and the consistency of the physician's opinion with the record as a whole. *Yurt v. Colvin*, 758 F.3d 850, 860 (7th Cir. 2014); *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); see 20 C.F.R. § 416.927(c)(2)-(6). If the ALJ does not discuss each factor explicitly, the ALJ should demonstrate that the ALJ is aware of and has considered the relevant factors. *Schreiber v. Colvin*, 519 F. App'x 951, 959 (7th Cir. 2013).

Here, the Court does not believe the ALJ adequately discussed the requisite factors outlined above, which is required by the regulations. For example, the ALJ did not consider the length and nature of the treatment relationship Plaintiff had with his treating physicians or the frequency of examination. All three doctors had longstanding treatment relationships with the Plaintiff, including performing surgeries on Plaintiff for his severe conditions. It was important for the ALJ to consider these factors and explain why they were outweighed by other evidence, particularly when he assigned great weight to the State agency consultants who had no longitudinal understanding of Plaintiff's medical conditions. There is no discussion whatsoever of the nature of Plaintiff's treatment with his various treating doctors other than a brief acknowledgment that he had "a lengthy treating history for his chronic back and hip pain," which

---

20 C.F.R. pts. 404 and 416). For the purposes of this appeal, however, the prior version of the regulation applies.

does not adequately discuss the specific treating history of each of this treating physicians.

Similarly, the ALJ did not consider the specialties of Plaintiff's treating physicians. This is especially important for Drs. Herman and Ali, both of whom have specialized knowledge regarding Plaintiff's conditions and their effects on his functional capacity. Meanwhile, the State agency consultants whose opinions the ALJ assigned great weight practice family medicine and geriatrics.[3] [Dkt. 14 at 11.] If the ALJ was going to give less than controlling weight to Plaintiff's highly specialized treating physicians in favor of the State agency consultants, he had to consider this factor and explain why it was outweighed by other considerations.

To be clear, the Court is not suggesting that the ALJ's conclusions were ultimately incorrect. There certainly were factors that weighed against assigning controlling weight to the treating physicians' opinions, and the ALJ articulated them in the passage quoted above. However, the ALJ is not permitted to focus on the factors that favor his conclusion while ignoring the factors that cut against it. By failing to consider or acknowledge the other factors, the ALJ rendered the Court unable to adequately determine whether the ALJ appropriately weighed the treating physician opinion evidence in this case. On remand, if the ALJ determines that a treating physician's opinion is not entitled to controlling weight, the ALJ must take care to ensure that that all the relevant factors are considered in determining what weight to give the opinion. The Court does not believe that the ALJ did so here, and remand is required.[4]

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion is granted (Dkt. 14), the Commissioner's motion is denied (Dkt. 19), and the case is remanded for further proceedings consistent with this opinion.

---

[3] Plaintiff was 62 years old on the date of the ALJ's decision and 59 years old at his alleged onset date. (Dkt. 14 at 2.)

[4] Because the Court remands on the bases articulated above, it does not reach the other issues raised by the Plaintiff on this appeal.

**ENTERED: June 23, 2021**

_____

Susan E. Cox,
United States Magistrate Judge